UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CAROLINO, et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                          Defendants. | Case No.:  3:20-cv-1535 W (DEB)<br><br>**ORDER GRANTING MOTION TO DISMISS [DOC. 2] WITH LEAVE TO AMEND CERTAIN CLAIMS** |

      Defendants City of San Diego, Jose Mendez and Brad Keyes move to dismiss and strike.  Plaintiffs Anthony Carolino and David Carolino have filed an opposition in which they concede many of Defendants' arguments, but seek leave to amend.

      The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS** the motion [Doc. 2] **WITH LEAVE TO AMEND** as to certain claims.

**I.**    **BACKGROUND**

      According to the Complaint, on August 24, 2019 at about 7:50 p.m., Rose Dawson called 911 seeking assistance from the Psychiatric Emergency Response Team ("PERT").

1  (*Compl.* [Doc. 1-3] ¶ 8.[1]) Dawson reported that her newphew, Dennis Carolino (the
2  "Decedent"), was "off his medications and had thrown a brick at her."[2] (*Id.*)
3        Approximately 30 minutes after the call, Defendant Officers Jose Mendez and
4  Brad Keyes responded and met Dawson at the front of her house. (*Compl.* ¶ 9.) Dawson
5  informed them that Dennis lived with her in a shed behind the house, was mentally ill and
6  was off his medications. (*Id.*) The officers told Dawson that PERT had been called and
7  was on its way. (*Id*. ¶ 10.) Rather than wait for PERT to arrive, the officers asked
8  Dawson to show them where Dennis lived. (*Id*. ¶ 13.) She led them to the back of the
9  house and pointed out the small shed where he lived. (*Id.*) At the time, it was dark and
10 the officers used thed their flashlights to shine a light on the door of the shed. (*Id.*) The
11 officers also told Dawson to stand behind them. (*Id.*)
12       Dennis, apparently blinded by the officers' flashlights, exited the shed while
13 carrying what the officers believed was a shovel. (*Compl.* ¶15.) One of the officers
14 yelled at Dennis to "drop it," but he did not. (*Id.*) One of the officers then fired his taser,
15 while the other officer fired six shots from his service revolver, killing Dennis. (*Id.* ¶ 16.)
16       On July 2, 2020, Dennis's brothers, Anthony Carolino and David Carolino, filed
17 this lawsuit in the San Diego Superior Court asserting eight causes of action. Defendants
18 now move to dismiss the Complaint arguing (1) Plaintiffs lack standing and (2) the
19 Complaint fails to state a claim. Plaintiffs have filed an opposition in which they concede
20 to the merits of many of Defendants' arguments and seek leave to amend.

## II.   LEGAL STANDARD

"It is well settled that federal courts may act only in the context of a justiciable case or controversy." <u>SEC v. Medical Committee for Human Rights</u>, 404 U.S. 403, 407

---

[1] The Complaint is attached as Exhibit 1 [Doc. 1-3] to the Notice of Removal [Doc. 1].

[2] Generally, individuals are referred to by their last name. Because there are multiple members of the Carolino family involved in this motion, they will be referred to by their first name.

(1972) (quoting Benton v. Maryland, 395 U.S. 784, 788 (1969)).  In order to invoke the jurisdiction of the federal courts, a plaintiff "must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (citations omitted).  To do so, "a plaintiff needs to provide only 'a short and plain statement of the grounds for the court's jurisdiction.'  The plaintiff must allege facts, not mere legal conclusions, in compliance with the pleading standards established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Harris v. Rand, 682 F.3d 846, 850–51 (9th Cir. 2012)).

Standing requires: "(1) an 'injury in fact' suffered by the plaintiff; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be 'redressed by a favorable decision.'" Civil Rights Educ. and Enforcement Center v. Hospitality Properties Trust ("CREEC"), 867 F.3d 1093, 1098 (9th Cir. 2017) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).  "A plaintiff has sustained an injury in fact only if she can establish 'an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Id. (citing Lujan, 504 U.S. at 560)).

### III. DISCUSSION

#### A. Standing - Survival Claims

Defendants argue Plaintiffs lack standing to pursue survival claims on behalf of the Dennis.  As Defendants point out, only the personal representative of the deceased may pursue such claims.  (*P&A* [Doc. 2-1] 4:24–7:24, citing Grant v. McAuliffe, 41 Cal.2d 859, 864 (1953).)  Under California law, a survival action passes to the decedent's successor in interest and, therefore, may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Hayes v. County of

San Diego, 736 F.3d 1223, 1229 (9th Cir. 2013).  "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law…"  Tatum v. City and County of San Francisco, 441 F.3d, 1090, 1093 n2 (9th Cir. 2006).  "The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action."  Hayes, 736 F.3d at 1228–29 (citation omitted).

Here, the Complaint fails to explain how the Plaintiffs are the Dennis's personal representatives or successors in interest.  Accordingly, Plaintiffs lack standing to pursue survival claims.  Moreover, as Defendants also point out, the Complaint fails to allege exhaustion of any administrative remedies.  For this additional reason, any survival claims must be dismissed.

In their opposition, Plaintiffs contend they did not intend to pursue survival claims and, therefore, do not seek leave to amend to allege standing for such claims.  (*Opp'n* [Doc. 5] 7:1–6.)  In fact, Plaintiffs seek leave to amend to clarify that they are not pursuing such claims.

Based on the foregoing, to the extent the Complaint asserted survival claims, they are **DISMISSED WITHOUT LEAVE TO AMEND**.  Plaintiffs are granted leave to amend only to clarify they are not pursuing survival claims.[3]

### B.   Standing - Wrongful Death Claims

Defendants argue Plaintiffs lack standing to pursue wrongful death claims.  (*P&A* 8:1–18.)  Under California law, a wrongful death action may be brought by the

---

[3] Defendants' Reply also points out that Plaintiffs also failed to comply with California Code of Civil Procedure § 337.32.  (*Reply* [Doc. 7] 3:12–24.)  Because Plaintiffs have denied any intent to pursue survival claims, Defendants' argument is moot.

decedent's "heirs," which means someone who was financially dependent on the decedent or the "decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession." Cal.Civ.Proc.Code §§ 377.60(a) and (b).

Plaintiffs are the Dennis's brothers. Assuming the Dennis does not have a surviving spouse, domestic partner or children, Defendants argue his mother would be entitled to his property by intestate succession. (*P&A* 7:3–21.) Accordingly, Plaintiffs lack standing to pursue wrongful death claims.

Plaintiffs do not dispute that as currently pled, the Complaint fails to establish standing. (*Opp'n* 7:7–19.) However, Plaintiffs seek leave to amend to clarify that Dennis's parents have died, and they are his only surviving heirs and beneficiaries. (*Id.*) Accordingly, the Court will grant Plaintiffs leave to amend to cure the standing deficiencies with respect to any wrongful death claims.

### C.     Standing - Dawson's Emotional Distress Claim.

The Fourth cause of action is for negligent infliction of emotional distress filed on behalf of Rose Dawson. There are no allegations suggesting that Plaintiffs are her personal representative, nor is there any indication why Plaintiffs believe they have standing to assert claims on Dawson's behalf.

In their opposition, Plaintiffs seek leave to amend to add Dawson as a named plaintiff. (*Opp'n* 8:4–14.) Plaintiffs, however, fail to address Defendants' contention that Dawson has failed to exhaust administrative remedies. Accordingly, though the Court will grant Plaintiffs leave to amend, they must address all of the deficiencies identified in Defendants' motion. In other words, Plaintiffs will not be given leave to amend again in order to address the failure to exhaust administrative remedies.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court finds Plaintiffs lack standing and, therefore, **GRANTS** Defendant's motion [Doc. 2] as follows:

1. Plaintiffs' survival claims are **DISMISSED WITHOUT LEAVE TO AMEND**.

2. Plaintiffs' wrongful death claims are **DISMISSED WITH LEAVE TO AMEND**.

3. The claims for negligent infliction of emotional distress filed on behalf of Rose Dawson is **DISMISSED WITH LEAVE TO AMEND.**

Plaintiffs' First Amended Complaint must be filed on or before **March 24, 2021**.

**IT IS SO ORDERED.**

Dated: March 10, 2021

_____
Hon. Thomas J. Whelan
United States District Judge